# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

RUBEN JIMENEZ ESCANDON,

      Plaintiff,

v.                                                  No. CV 11-494 JB/CG

GEO GROUP, INC., ET AL.,

      Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART
## MOTION TO AMEND

**THIS MATTER** comes before the Court on Plaintiff Ruben Escandon's *Notice to Hold All Proceedings, for Extension of Time to Add or Amend to this Civil Complaint* ("notice"). (Doc. 10). The Court construes Plaintiff's notice as a motion to amend his complaint to add several claims. The Court **FINDS** the motion should be **GRANTED IN PART AND DENIED IN PART**.

Pursuant to the Federal Rules of Civil Procedure, a Plaintiff may amend a pleading once as a matter of course within 21 days of serving the complaint. FED. R. CIV. P. 15(a)(1)(A). All other amendments require the opposing party's written consent or leave from the court.  FED. R. CIV. P. 15(a)(2). Plaintiff filed the instant notice over a month after the Defendants were served and the case was removed to federal court. Plaintiff's proposed amendment therefore requires leave of the court. Courts are instructed to "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Generally, a motion to amend will be denied only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of the amendment." *Duncan v. Manager, Dep't of Safety, City*

*& County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Tenth Circuit has held that

an amendment is futile if the complaint, as amended, would be subject to dismissal.

*Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001).

Plaintiff's notice first states that he continues to suffer from dizzy spells following a

head injury suffered during an altercation with prison guards. (*Id.* at 2 ¶ 7). He states that

he is still seeking medical treatment for these symptoms and that a "Doctor Jose" at the

correctional facility refuses to provide his wife with copies of his medical records. (*Id.* at 2

¶ 8). Plaintiff's original complaint explained the circumstances regarding the head injury.

It states that he has not received adequate treatment for his various medical needs. (Doc.

5 at 16-17 (stating that the head wound causes dizzy spells and that doctors won't see him

for months at a time despite repeated requests for treatment)). Nevertheless, inasmuch as

Plaintiff seeks to amend this complaint  to state that he is still being denied effective

treatment for his head injury, the Court will **GRANT** the request.

Plaintiff's notice also accuses Defendants - though he does not specify which ones -

of deliberately losing administrative grievances that he has filed. (*Id.* at 2 ¶ 10, 11). A claim

that prison officials ignored grievances or that they did not comply with the facility's

grievance process does not, in and of itself, establish a constitutional violation.  *See, e.g.*,

*Gilbreath v. Clark*, 193 F. App'x 741, 743 (10th Cir. 2006) (noting that prison grievance

procedures do not "give rise to a protected liberty interest requiring the procedural

protections envisioned by the fourteenth amendment.") (citing *Buckley v. Barlow*, 997 F.2d

494, 495 (8th Cir.1993). Therefore, inasmuch as Plaintiff seeks to assert a claim for relief

based on his grievances being lost, that request is **DENIED**.

However, the allegation that grievances were purposefully lost is relevant to the recently filed *Motion for Summary Judgment*, (Doc. 11), wherein Defendants assert that Plaintiff has failed to exhaust his administrative remedies. If prison officials willfully ignored or disregarded Plaintiff's grievances, this might excuse Plaintiff's failure to exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e. *Whitington v. Ortiz*, 472 F.3d 804, 807 (10th Cir. 2007) (noting that a deliberate failure to respond to prisoner grievances renders administrative remedies unavailable). Plaintiff's notice indicates that he intended to provide the Court with copies of grievances that he has filed. (Doc. 10 at 1 ("Here are some grievances that I used to exhaust remedies.")). However, the notice contains no exhibits and no grievances have been attached. While Plaintiff has failed to provide the grievance copies in his notice, he is invited to provide those copies in his response to the Defendant's motion for summary judgment.

Lastly, Plaintiff's notice states that the prison library at the Lea County Correctional Facility ("LCCF") is inadequate. He states that the library is run by an employee of Defendant Geo Group who "doesn't understand the motions we ask for nor he does he know the book." (Doc. 10 at 1 ¶ 6). The employee also charges Plaintiff for legal copies despite the fact that he is proceeding *in forma pauperis* before this Court. (*Id.*). Plaintiff claims that he has been denied due process because, a) he is required to make a request prior to using the legal library, b) the library has few legal resources, and c) he must "name the exact book" containing the case he would like to review before it is provided. (*Id.* at 2 ¶ 12). The Court finds that the addition of this claim would be futile because, as pled, it would be subject to dismissal.

Plaintiff's allegations regarding the LLCF library implicate his constitutional right to

access the courts. In order to establish a violation of the right to access the courts, Plaintiff must allege "relevant actual injury." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). A claim that "his prison's library or legal assistance program is subpar in some theoretical sense" will not suffice. *Ia.* Plaintiff must go further and demonstrate that the shortcomings in the library or legal assistance program hindered his efforts to pursue a nonfrivolous legal claim. *Id.*

Plaintiff's claims that prisoners are charged for photocopies, without more, does not establish that Plaintiff's access to the courts has been unduly hampered. *Johnson v. Parke*, 642 F.2d 377, 380 (10th Cir. 1981) ("The constitutional concept of an inmate's right of access to the courts does not require that prison officials provide inmates free or unlimited access to photocopying machinery."). Plaintiff does not allege that the fee requirement prevented him from filing any pleadings with this Court or in any other case he might be pursuing. Lack of access to a photocopier does not result in actual injury when the plaintiff may file handwritten pleadings, as Plaintiff has done in this case. *Holt v. Werholtz*, 185 F. App'x 737, 740 (10th Cir. 2006) (denial of access to a photocopier did not establish actual injury because prisoner "had a reasonable alternative to photocopying his motions - he could have produced hand-written copies of his motions.").

Plaintiff also claims that he is required to "name the exact book" for whatever case he would like to review. The Tenth Circuit has assumed, without deciding, that requiring prisoners to provide exact citations of the case they wish to review might state a claim for denial of access to the courts. *Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006). However, the prisoner only states a viable claim if he sufficiently alleges that the "exact cite" system resulted in actual injury by preventing him from pursuing or filing a specific claim or motion. *Id.* at 1226-27. In *Trujillo*, the Tenth Circuit found that plaintiff had alleged a

4

relevant actual injury by claiming that defendant's actions had prevented him from filing a state habeas corpus petition and from challenging the New Mexico Correction Department's *ex post facto* alteration of his sentence. *Id.* Plaintiff has not made such a showing in this case. He has not alleged or shown that the exact cite system has prevented him from pursuing a particular motion or claim. *Petrick v. Maynard*, 11 F.3d 991, 995 (10th Cir.1993) (noting "a prisoner must do more than make a conclusory allegation of need for unspecified or unlimited materials" to establish denial of access to the courts). There is no indication from the docket that Plaintiff has been prevented from litigating this case. He was not prevented from filing his original complaint - which include legal citations - in state court or from filing the instant motion to amend. Neither did the restrictions prevent Plaintiff from instituting a separate state court action against Defendants Janecka, Beard, Gonzales, and Barnes. (*See* Doc. 11-2 at 15-24 (Plaintiff's complaint in the First Judicial District Court for the State of New Mexico)).  Plaintiff's proposed amendment to include a claim for denial of access to the courts is therefore **DENIED**.

**IT IS THEREFORE ORDERED** that Plaintiff's *Notice to Hold All Proceedings, for Extension of Time to Add or Amend to this Civil Complaint,* (Doc. 10), which the Court construes as a motion to amend, be **GRANTED IN PART AND DENIED IN PART**.

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE