**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RUBEN JIMENEZ ESCANDON,

      Plaintiff,

v.                                       No. CV 11-494 JB/CG

GEO GROUP, INC., ET AL.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on *Certain Defendants' Motion for Summary Judgment and Memorandum of Law in Support*, (Doc. 11), Plaintiff's *Answer to Summary Judgment Motion + the Authentication of Memorandum of Law in Support According to F.O.I.A. + P.A.*, (Doc. 13), and Defendants' *Reply in Support of Certain Defendants' Motion for Summary Judgment*. (Doc. 14).  Several Defendants - including Wardens Janecka and Beard, the Geo Group, the Lea County Correctional Facility Kitchen, and Correctional Officers Sanchez, Salazar, and Olivas - move for judgment as a matter of law on the grounds that Plaintiff did not exhaust his administrative remedies. (Doc. 13 at 2). The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, **RECOMMENDS** that Defendants' motion be **GRANTED**.

### I. Background

#### a.    **Plaintiff's Claims**

Plaintiff Ruben Jimenez Escandon is an elderly inmate who is incarcerated at the Lea County Correctional Facility ("LCCF") in Hobbs, New Mexico. (Doc. 11 at 2). Plaintiff's complaint lists a variety of abusive practices and incidents at LCCF on the part of both

facility administrators and individual correctional officers. (*See* Doc. 5 at 3-20). Plaintiff's complaint is somewhat disorganized and he titles his causes of action with monikers such as "Malpractice," "Outrage," "Spite," "Malice," "Evil Motives," and "All Acts of Intent." (*Id.* at 3 ¶ 1). However, applying the liberal construction which all *pro se* pleadings are due, it appears that Plaintiff has alleged a number of Eighth Amendment and Due Process claims in his complaint.

Plaintiff complains that several correctional officers have charged him with trumped-up disciplinary violations. He claims that Officer Olivas lied on a misconduct report and accused Plaintiff of using abusive language during a strip search. (*Id.* at 10-11). He also alleges that  Officer Sanchez improperly charged him with a disciplinary violation. (*Id.* at 8 ¶ 7). Plaintiff states that he urgently needed to urinate while sitting in the LCCF visitation room and that Officer Sanchez would not allow him to use the bathroom. (*Id.*). Plaintiff attempted to enter the bathroom anyway, resulting in an altercation with Officer Sanchez. (*Id.*). Officer Sanchez then charged Plaintiff with using abusive language and disobeying a direct order. (*Id.*; Doc. 11, Ex. G at 1).

Following Officer Sanchez's disciplinary report, Plaintiff claims that Officer Salazar and Warden Beard conspired to find Plaintiff guilty of the violation even though a hearing was never held. (Doc. 5 at 8 ¶ 10, 10, 11). Plaintiff asked Salazar why he never received a hearing and Salazar purportedly lied and told Plaintiff that a hearing was held with Warden Horten. (*Id.* at 8 ¶ 10, 10). When Plaintiff confirmed with Warden Horten that this was not true, Salazar had Warden Beard lie and affirm that a hearing was held. (*Id.*).

The complaint raises a number of more generalized allegations of misconduct by prison administration and staff. He complains that he is not receiving the proper amount of

good time credit while he is incarcerated. (*Id.* at 3, 4, 14). He complains of nepotism among staff members and he accuses Warden Janecka of failing to monitor and police the correctional officers. (*Id.* at 7 ¶ 2, 9 ¶ 11). Plaintiff generally alleges that Warden Beard is racist and prejudiced against inmates. (*Id.*). He also complains that the food service in the prison is sub-par and that the LCCF canteen charges too much for items. (*Id.* at 7 ¶ 5, 8 ¶ 10, 12).[1]

### b. **Plaintiff's Grievances**

The New Mexico Corrections Department maintains a uniform grievance policy that was in effect at LCCF during the time relevant to Plaintiff's complaint. (Doc. 11 at 2 ¶ 2; Doc. 11, Ex. A at 1 ¶ 2). The grievance policy consists of four steps: A prisoner first has to file an "Inmate Informal Complaint" with his unit manager within five days of the incident giving rise to the grievance. (Doc. 11, Ex. B at 9 ¶ 1). If the informal complaint fails to resolve the issue within five days, the inmate has the right to file an "Inmate Grievance Form" with a Grievance Officer. (*Id.*). The grievance has to be filed within 20 days of the incident giving rise to the complaint. (*Id.*). The grievance may not address multiple issues - multiple complaints require multiple grievances. (*Id.* at 10 ¶ 6).

Once a formal grievance has been received, the Grievance Officer is required to prepare a recommended disposition for the Warden within 20 days. (*Id.* at 11 ¶ 4). The Warden then has 15 days within which to approve, disapprove, or modify the recommendation. (*Id.* at 12 ¶ 2-4). If the inmate is not satisfied with the Warden's decision,

---

[1] Plaintiff also accuses Defendant Correctional Medical Services of not providing him with adequate medical care. (Doc. 5 at 7-8 ¶ 6-7, 17). However, those claims are not relevant here since Defendant Correctional Medical Services has not joined in the current motion for summary judgment.

he has a right to appeal to the Office of the Secretary of Corrections within seven days. (*Id.* at 12 ¶ 1). A Grievance Administrator in the Secretary's office will then investigate the matter and prepare a recommendation for the Secretary or his designated representative. (*Id.* at 13 ¶ 5-6).

Defendants claim that Plaintiff failed to complete the grievance process for any of the claims raised in his complaint. In support, they have attached the affidavit of Liza Elizondo, the custodian of all inmate grievances at LCCF, as well as copies of all relevant grievances filed by Plaintiff. (Doc. 11, Ex. A at 1-3). Ms. Elizondo's records indicate that Plaintiff filed a formal complaint regarding the computation of his good time credit. (Doc. 11, Ex. A at 3 ¶ 13; Ex. H at 1-2). The grievance was denied because issues regarding the calculation of good time credit are not grievable under the regulations and must instead be pursued through a separate classification appeal. (Doc. 11, Ex. A at 3 ¶ 13, Ex. B at 6 ¶ 2). Plaintiff then initiated a classification appeal but it was returned to him as untimely. (Doc. 11, Ex. C at 1-2 ¶ 4-5; Ex. C-1).

Plaintiff filed a formal grievance against Officer Sanchez complaining about the incident in the visitation area and the subsequent disciplinary report. (Doc. 11; Ex. F). The Grievance Officer denied it on the same day it was received because Plaintiff had failed to first file an informal complaint. (*Id.*). Plaintiff then prepared an informal complaint one month later but the informal complaint covered many topics - including the incident with Officer Sanchez, Officer Salazar's claim that a hearing was held, untimely medical care, inadequate food, and property violations. (Doc. 11, Ex. E at 1-2). As a result, the informal complaint was rejected because it raised multiple issues. (*Id.* at 1). Defendants' records indicate that Plaintiff never filed any other formal or informal grievances regarding the

claims raised in the complaint. (Doc. 11 at 3-4; Doc. 11, Ex. A at 1-3).

## II.   Standard of Review

Summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact[.]" FED. R. CIV. P. 56(c)(2). The party moving for summary judgment has the initial burden of establishing, through admissible evidence in the form of depositions, answers to interrogatories, admissions, affidavits or documentary evidence, that there is an absence of evidence to support the opposing party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If this burden is met, the party opposing summary judgment must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Affidavits or other evidence offered by the nonmoving party must create a genuine issue for trial; viewing the evidence in the light most favorable to the nonmoving party. Although all facts are construed in favor of the nonmoving party, it is still Plaintiff's responsibility to "'go beyond the pleadings' and 'designate specific facts' so as to 'make a showing sufficient to establish the existence of an element essential to [his] case' in order to survive summary judgment." *Johnson v. Mullin*, 422 F.3d 1184, 1187 (10th Cir. 2005) (quoting *Celotex,* 477 U.S. at 322)).

The Court liberally construes Plaintiff's filings because he is a *pro se* plaintiff. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Nevertheless, a *pro se* non-moving party must still "identify specific facts that show the existence of a genuine issue of material fact." *Munoz v. St. Mary-Corwin Hospital,* 221 F.3d 1160, 1164 (10th Cir. 2000). Conclusory allegations are insufficient to establish an issue of fact that would defeat the motion.

5

III.   **Analysis**

Defendants' motion for summary judgment asserts that Plaintiff's claims must be dismissed because he failed to exhaust his administrative remedies in violation of the Prison Litigation Reform Act ("PLRA") and its state equivalent. (Doc. 11 at 2). The PLRA mandates that "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). New Mexico state statute imposes similar restrictions on prisoners. NMSA 1978 § 33-2-11(B). The purpose of the exhaustion requirement is to first provide prison officials with an opportunity to respond to an inmate's complaint and to ensure that an administrative record is created that facilitates judicial review. *Whitington v. Ortiz*, 472 F.3d 804, 807 (10th Cir. 2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002)). The PLRA's exhaustion requirement is mandatory in every instance as Congress has eliminated a court's discretion to look beyond a prisoner's failure to exhaust his or her administrative remedies. *Porter v. Nussle*, 534 U.S. 516 (2002). The Supreme Court has interpreted the PLRA to require exhaustion even where the available remedies would appear incapable of providing the relief sought. *Booth v. Churner*, 532 U.S. 731, 738-41 (2001) (holding that the PLRA required exhaustion even where prisoner's complaint sought only monetary relief and the grievance process did not permit award of monetary damages). In order to exhaust all available administrative remedies a prisoner must do more than simply initiate the grievance process; he must complete it prior to filing suit. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

As noted above, Defendants allege that Plaintiff failed to exhaust his administrative

remedies at LCCF. (Doc. 11, Ex. A at 1-3). Plaintiff's response primarily reasserts his various complaints against the Defendants. (Doc. 13 at 1-4). However, Plaintiff does make several discrete statements regarding his use of LCCF's grievance system.  He suggests that Defendants' grievance records are incomplete because they failed to include copies of several unspecific appeals filed by Plaintiff as well as an informal complaint he gave to Warden Horten regarding the incident with Officer Sanchez. (Doc. 13 at 2 ("[Defendants] only gave the reports given to Plaintiff, but neglected to produce the appeal forms made by Plaintiff, neglected to mention that Plaintiff gave an informal complaint to Warden Horten + discussed the abussive [sic] way that [Correctional Officer Sanchez] acted in the visit room . . ."); *Id.* at 6 ("Defendants only presented staff forms of said appeal being denied but did not present the appeal.")). He also suggests that LCCF staff members lose or "fix" grievances that are filed. (*Id.* at 3). He concludes by saying that he does not have sufficient access to legal research materials at LCCF and he advises the Court that he is currently in the process of "gaining information from the use of FOIA (Freedom of Information Act) + the PA (Privacy Act) among other case laws pertaining to my case." (*Id.* at 7). The Court must determine whether Plaintiff's response sufficed to show that there is a genuine issue of material fact regarding his exhaustion of administrative remedies.

The movant in a motion for summary judgment initially carries the burden of demonstrating, with the support of admissible evidence, that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Defendants have met their burden by producing records which show that Plaintiff failed to either complete or even initiate the LCCF grievance process with regard to his various claims. The burden then shifted to Plaintiff to go beyond

his pleadings and set forth specific facts showing that there is a genuine question as to the issue of exhaustion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Those specific facts would have to be supported by admissible evidence including, *inter alia*, "materials in the record, including . . . documents . . . affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). Plaintiff did not provide any of these materials and his conclusory assertions about the grievance process fail to meet this standard.

Plaintiff first suggests that Defendants did not produce, a) an informal complaint against Officer Sanchez that he gave to Warden Horten and, b) several unspecified appeals. (Doc. 13 at 2, 6). Plaintiff has not provided copies of the informal complaint or of the appeals to support this contention. Plaintiff's bare statements that other grievances exist do not establish a genuine issue of material fact because unsworn allegations without supporting evidence will not meet a non-movant's burden Rule 56. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) ("To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise . . . . Unsubstantiated allegations carry no probative weight in summary judgment proceedings.") (internal citations and quotations omitted). In the context of PLRA exhaustion, a Plaintiff must do more than simply assert that other grievances exist which might demonstrate exhaustion. *See, e.g.*, *Gorton v. Williams*, 309 F. App'x 274, 275 (10th Cir. 2009) (unpublished).

> Plaintiff admits he has no copies of any grievances related to this case, though he makes an unsworn claim that he filed some. Although we construe a *pro se* litigant's pleadings liberally, they must still comply with the minimum requirements of the rules. In the absence of other evidence, an unsworn allegation does not meet the evidentiary requirements of Rule 56

*Id.*; *Sparks v. Foster*, 241 F. App'x 467, 473-74 (10th Cir. 2007); *Bell v. Ward*, 189 F. App'x 802, 804 (10th Cir. 2006).[2]

Even if the Court were to assume that those grievances existed, Plaintiff's response does not suggest that they would have sufficed to properly exhaust his administrative remedies. There is no indication that Plaintiff gave the informal complaint to Warden Horten prior to filing the formal grievance against Sanchez. The timing is crucial since, unless the informal complaint was made prior to filing the formal grievance, it could not have served to properly exhaust his administrative remedies against Sanchez. The text of the formal grievance against Sanchez suggests that Plaintiff never filed an informal complaint before submitting the grievance. (Doc. 11, Ex. F ("According to law, this grievance is all I need as an informal issue according to N.M.")). Therefore the informal complaint, on its own, would not suffice to exhaust Plaintiff's administrative remedies.

The same holds true for the unspecific appeals. Because Plaintiff does not explain what issues were raised in these appeals, the Court cannot say that they would have properly exhausted his administrative remedies. Even if the Court were to assume that these appeals existed, Plaintiff has not shown that he properly followed the informal complaint and formal grievance process prior to filing the appeals. A failure to comply with the grievance procedure at any stage of review precludes the Court from finding that Plaintiff exhausted his administrative remedies with regard to that claim. *Jones v. Bock*, 549 U.S. 199, 218 (2007) ("[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural

---

[2] Unpublished decisions are not binding precedent, but they may be cited for their persuasive value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

rules.'") (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).

Plaintiff alternately suggests that his failure to exhaust should be excused because prison officials lose or "fix" inmate grievances. (Doc. 13 at 3 ("I'm sure that the "PLRA" was not [meant] for the nepotism staff to interfer[e] with the informal complaints, getting lost or fixed for denial, as well as the grievances getting lost or fixed or denied"); Doc. 10 at 2 ¶ 10-11 ("[Defendants] do not answer some of my grievances . . . . By loosing [sic] the grievances they know the courts will drop the case")). It is true that prison officials may render administrative remedies "unavailable" by actively thwarting an inmate's attempt to pursue the grievance process. *See, e.g.*, *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011). However, Plaintiff has failed to allege sufficient facts for the Court to find that Defendants have rendered the grievance process at LCCF unavailable.

As noted above, Plaintiff's response must rely on more than conclusory assertions in order to defeat a motion for summary judgment. *Self,* 439 F.3d at 1230. In this instance, Plaintiff has not provided any evidence to support his claim that prison officials ignored some of his grievances. He does not explain when these grievances were made or to whom they were given. He has not claimed that the ignored grievances addressed the claims raised in his complaint. He previously stated to the Court that he would provide copies of grievances that were filed and ignored but he never did so. (Doc. 10 at 2 ("[Defendants do not answer some of my grievances, so I made an extra copy to send to the courts, so they would understand what I'm saying.")). Plaintiff's unsupported assertion that some of his grievances have been ignored fails to demonstrate that Defendants rendered the grievance process unavailable. *See, e.g.*, *Bell v. Ward*, 189 F. App'x 802, 804 (10th Cir. 2006)

> Bell maintains that he has copies of the appeals he attempted to file, but he did not provide them to the district court in support of his claim . . . . In light of the state's evidence and Bell's dearth of support for his allegations regarding the disappearance of his alleged administrative appeals, we cannot say that administrative remedies were unavailable or futile in Bell's case.

*Id.*

In sum, Plaintiff's claims that some of his grievances were either ignored by prison officials or omitted from the record fail to establish a genuine issue of material fact regarding his exhaustion of administrative remedies. Plaintiff failed to provided admissible evidence to substantiate these claims and he failed to show the grievances purportedly lost or omitted would have sufficed to complete the grievance process.

## IV.   Conclusion

Because Plaintiff has failed to demonstrate that there is a genuine issue of material fact regarding his exhaustion of administrative remedies at LCCF, the Court **RECOMMENDS** that *Certain Defendants' Motion for Summary Judgment and Memorandum of Law in Support*, (Doc. 11), be **GRANTED**.

The Court **RECOMMENDS** that Plaintiff's claims against Defendants Geo Group, Warden Janecka, Warden Beard, LCCF kitchen, Officer Sanchez, Officer Olivas, and Officer Salazar, be **DISMISSED WITHOUT PREJUDICE**. *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) (dismissals for failure to exhaust must be without prejudice).

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE